IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, | § § § | |
| v. | § § | CRIMINAL NO. 2:16-182 CIVIL NO. 2:17-383 |
| TIBURCIO ALEJANDRO RUBIO-LARA, Defendant/Movant. | § § § § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Tiburcio Alejandro Rubio-Lara filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 34.[1] Pending before the Court is the United States of America's (the "Government") motion to deny Movant's § 2255 motion (D.E. 43), to which Movant has not responded. For the reasons stated herein, the Government's motion is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

Movant is a Mexican citizen who illegally entered the United States in 1992. He was deported in 1998 after being convicted of manufacturing methamphetamine in California in 1997. Movant returned to the United States illegally and was convicted in 2011 of possessing a firearm in furtherance of a drug trafficking crime under federal law. While Movant was in prison for the gun charges, he was convicted of illegal reentry. Movant completed his term of imprisonment and was deported a second time in 2014.

---

1. Docket entries refer to the criminal case.

On February 15, 2016, Border Patrol agents apprehended Movant near the Falfurrias, Texas Border Patrol checkpoint. Movant eventually pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a)(1) and 1326(b)(2) without a written plea agreement. The Court thereafter ordered the Probation Office to prepare a Presentence Investigation Report (PSR, D.E. 15). Movant's base offense level was 8 under U.S.S.G. § 2L1.2, and 16 levels were added under U.S.S.G. § 2L1.2(b)(1)(A) because Movant was previously deported after a conviction for a firearms offense. After credit for acceptance of responsibility, Movant's total offense level was 21. With a criminal history category of IV, his Guideline sentencing range was 57 to 71 months' imprisonment.

At the sentencing hearing, Movant was sworn in and stated that he had reviewed the PSR, discussed it with his attorney, and did not have any objections. The Government recommended a sentence at the lowest end of the Guideline range. Defense counsel argued for a downward variance to 30 months on the grounds that Movant's criminal history was overrepresented because he received an extra three points for the illegal reentry conviction because the Government waited until after he had been convicted of the firearms offense before charging him with illegal reentry. The Court granted a downward variance to 46 months based on proposed amendments to the Sentencing Guidelines that would take effect in November 2016, but denied Movant's request for a further reduction.

Judgment was entered on August 5, 2016, and Movant appealed. Appellate counsel moved to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating he believed there were no meritorious grounds for appeal. *See United States v. Rubio-Lara*, 686 Fed. App'x 246 (5th Cir. 2017) (per curium). Movant did not respond.

After considering the *Anders* brief, the Fifth Circuit dismissed Movant's appeal on April 18, 2017. Movant did not file a petition for writ of certiorari; thus, the judgment became final 90 days later, on July 17, 2017.

Movant filed the present motion under § 2255 on November 30, 2017. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's § 2255 motion asserts that trial counsel was ineffective because:

    A. She failed to file a motion to dismiss the indictment on the grounds that Movant's prior removal orders violated due process;

    B. She rejected the Government's plea offer;

    C. She failed to file written objections to the PSR; and

    D. She failed to file written objections to the reasonability of Movant's sentence.

Movant's trial counsel, attorney Christina M. Woehr, filed an affidavit responding to these allegations. Woehr Aff., D.E. 41.

Movant further claims appellate counsel was ineffective because:

    E. He failed to investigate Movant's prior removal proceedings; and

    F. He failed to "conduct a conscious analysis" to discover defense counsel's errors.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject

3

to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

4

different." *Id.* at 694. If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). An appellate counsel's performance is reviewed under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available non-frivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West v. Johnson*, 92 F.3d 1385, 1396 (5th Cir. 1996). Nor will counsel be deficient for failing to press a frivolous point. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Evitts*, 469 U.S. at 394.

## IV. ANALYSIS

### A. Trial counsel's failure to file a motion to dismiss the indictment

Movant first argues that trial counsel was ineffective for failing to move to dismiss the indictment because his prior removals violated due process. According to Movant, his 1998 deportation proceedings were fundamentally unfair because the immigration officer did not explain the document Movant signed and did not inform Movant of his appeal rights, and the 2014 removal order was simply a restatement of the 1998 order. Movant claims both proceedings were therefore defective and prejudiced him.

The circumstances under which a defendant prosecuted for illegal reentry may collaterally attack his prior deportation/removal order are limited. In order to prevail on such a challenge, an alien defendant must establish that:

> (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). To succeed in a collateral attack on his deportation, a defendant must also establish "actual prejudice" by showing "that there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *United States v. Encarnacion-Galvez*, 964 F.2d 402, 407 (5th Cir. 1992).

Here, Movant does not allege that he pursued, let alone exhausted, any administrative remedies to seek relief from the 1998 or 2014 deportation/removal orders. His claim that his 1998 deportation proceeding was fundamentally unfair is supported only by his affidavit stating that an immigration officer failed to explain the charges against him and failed to advise him of his right to appeal or contest the removal proceedings. D.E. 34-1, ¶¶ 2–5. Movant also does not allege that he informed trial counsel of any of his claims regarding the unfairness of his prior deportation/removal proceedings. In her affidavit, trial counsel states that she does not recall Movant informing her that his prior deportation/removal proceedings were unfair; if he had, she would have explored further. Woehr Aff. ¶ 12. Movant also did not tell counsel that he thought he was signing for a voluntary departure in 1998. *Id.* ¶ 14. Counsel states that she knew the "actual prejudice"

6

prong is extremely difficult to meet in an administrative removal proceeding based on a prior aggravated felony (manufacturing methamphetamine), regardless of procedural error, and it would have been her professional judgment that she could not make a colorable argument that Movant would not have been deported but for any alleged procedural errors. *Id.* ¶ 16. Finally, Movant did not ask counsel to file a motion to dismiss. *Id.* ¶ 18.

Based on this evidence, the Court finds that trial counsel was not ineffective for her failure to file a frivolous motion to dismiss.

### B. Trial counsel's rejection of the Government's plea offer

Movant next argues that trial counsel was ineffective for rejecting the Government's plea offer. According to Movant, by rejecting the plea agreement, the defense "alienated the government against [Movant]." D.E. 34, p. 9. Movant claims this prejudiced him at sentencing because the Government "made an extra effort to obtain a higher sentence." *Id.*

There is nothing in the record to support Movant's claim that he received a higher sentence because he rejected a plea agreement. The Government argued for a sentence at the low end of the Guidelines, and Movant ultimately received a downward variance and was sentenced below his advisory Guideline range. 8/23/2017 Sent. Tr., D.E. 27 at 5:9–6:1. While the Government did not support an additional sentence reduction—citing Movant's prior illegal reentry, drug, and firearms charges—it also did not make additional arguments against his request for a downward variance. *Id.* Moreover, trial counsel states that she advised Movant to reject the plea agreement because it contained a waiver of appeal provision, and there was no incentive for Movant to give up his appeal rights when

his Guideline range would have been the same, whether he accepted the plea agreement or not. Woehr Aff. ¶¶ 24-25.

For these reasons, Movant has not shown defense counsel was ineffective for advising him to reject the Government's plea offer.

### C. Trial counsel's failure to file written objections to the PSR

Movant next claims that trial counsel was ineffective for failing to file written objections to the PSR. While he admits that counsel made oral objections at sentencing, he argues that had she filed written objections, as required by Federal Rule of Criminal Procedure 32(f), the Court would have given him an even lower sentence.

The Court considered defense counsel's oral objections to the PSR at sentencing and granted a downward variance based on proposed Sentencing Guidelines that would take effect later that year; however, the Court denied Movant's motion for a further downward departure based upon criminal history overrepresentation. Sent. Tr. at 7:21-25. The Court further stated that it had considered the factors set forth in 18 U.S.C. § 3553 and found a sentence of 46 months to be appropriate. *Id.* at 8:5-10. There is nothing in the record to indicate that the Court denied Movant's objection to his criminal history points because the objection was made orally instead of in writing.

Defendant has not shown that trial counsel was ineffective for failing to file written objections to the PSR.

### D. Trial counsel's failure to file written objections to the "reasonability" of Movant's sentence

Movant similarly argues that defense counsel was ineffective because she did not file written objections to the "reasonability" of his sentence under 18 U.S.C. § 3553(a).

8

Movant's sentence was below the advisory guideline range, and "a sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). This presumption is rebuttable where the district court fails to take into account the other factors listed in section 3553(a). *Id.* However, as stated in Part IV.C, *supra*, the Court considered the factors set forth in 18 U.S.C. § 3553 and found Movant's sentence to be appropriate. Sent. Tr. at 8:5-10.

Movant cannot show that counsel was deficient for failing to object to the reasonableness of his sentence.

### E. Appellate counsel's failure to investigate Movant's prior removal orders

Movant claims that appellate counsel was ineffective for failing to investigate Movant's 1998 and 2014 removal proceedings.

As set forth in Part IV.A, *supra*, Movant has not shown that a challenge to his removal proceedings would have been successful. Moreover, an indigent defendant does not have "a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Appellate counsel was not ineffective for failing to investigate Movant's prior removal orders.

### F. Appellate counsel's failure to "conduct a conscious analysis" to discover defense counsel's errors

Finally, Movant alleges that appellate counsel was ineffective for failing to uncover trial counsel's errors, such as her failure to move for dismissal and rejection of the plea

agreement. This appears to be a claim that counsel should have raised ineffective assistance of trial counsel claims on direct appeal.

"Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841. Because Movant did not seek a hearing before this Court based on his ineffective assistance of trial counsel claims, appellate counsel could not raise this issue on direct appeal.

Appellate counsel was not ineffective for failing to investigate and discover trial counsel's errors.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion to deny Movant's § 2255 motion (D.E. 43) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 34) is **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

ORDERED  9/17/18  .

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

11